UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-117-GWU

BILLY RAY ANGLIAN,                                                      PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

## INTRODUCTION

Billy Anglian brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

    in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Anglian, a 52-year-old former painter/auto body helper, mechanic helper, hand packer, assembler, and metal shop helper with a limited education, suffered from impairments related to gout, degenerative disc disease, and complaints of anxiety.  (Tr. 252, 258).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 256, 258).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 258-259).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 258).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the court must grant the plaintiff's summary judgment motion to the extent that it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Bill Ellis included an exertional restriction to light level work with an inability to more than occasionally bend, stoop or crouch. (Tr. 46-47). In response, Ellis identified a significant number of jobs in the national economy which could still be performed. (Tr. 47). The ALJ relied upon this information to support the administrative decision. (Tr. 258).

Anglian asserts that the hypothetical factors did not fairly characterize his mental and physical conditions. The undersigned agrees that the record does indicate the existence of mental restrictions not considered by Ellis. Psychologist Barbara Belew and her associate Heather Roark of the Psychological Center for the Cumberlands were the only mental health professionals to examine the plaintiff. A major depression and panic disorder were diagnosed. (Tr. 218). The claimant's ability was rated as "poor" in most areas of mental functioning including relating to co-workers, dealing with the public, interacting with supervisors, dealing with work stresses, and maintaining attention and concentration. (Tr. 219). However, these uncontradicted mental restrictions were not presented to the vocational expert. The ALJ rejected the opinion of Belew and Roark because he did not believe that it satisfied the durational requirements of 20 C.F.R. § 416.909. (Tr. 255). However, the examiners indicated that as part of the evaluation they had reviewed a number of medical records dating back to 2004. (Tr. 216). Thus, the examiners would appear to have considered Anglian's mental condition over several years. Under

these circumstances, the ALJ should at least have sought the advice of a medical advisor rather than substitute his own lay opinion. Therefore, a remand of the action for further consideration of the plaintiff's mental status is required.

Anglian also argues that his mental condition meets the requirements of Sections 12.02, 12.04 and 12.06 of the Listing of Impairments. However, the plaintiff has not presented specific evidence indicating that one of these Listing sections has been satisfied. The court notes that the Psychological Center of the Cumberlands staff rated the claimant's functioning at "mild" in Activities of Daily Living, "moderate" in Social Functioning, "mild to moderate" in Concentration, Persistence and Pace, and "moderate" in decompensation. (Tr. 217-218). These ratings would not be sufficient to meet the requirements of one of the Listing sections which would require ratings at the "marked" level in at least two of these four areas. Nevertheless, the Cumberlands report does suggest the existence of a "severe" mental impairment which needs to be considered.

Anglian also asserts that his physical condition meets the requirements of Section 1.05 of the Listing of Impairments concerning amputation of a body part. However, as noted by the defendant, the medical record is devoid of any evidence indicating that this Listing section was met. Therefore, the court must reject the plaintiff's assertion.

Anglian also argues that he lacked the financial resources to pay for clinical testing to demonstrate the existence of his totally disabling physical impairments. The court notes that the ALJ did arrange for the plaintiff to be examined by Dr. Barry Burchett who did not report the existence of totally disabling physical problems. (Tr. 189-197). Furthermore, the record reveals that the claimant has continued to smoke cigarettes despite his health problems. (Tr. 43). The Sixth Circuit Court of Appeals has found that the cost of cigarette smoking can be considered when a claimant asserts an inability to afford appropriate medical care. <u>Sias v. Secretary of Health and Human Services</u>, 861 F.2d 475, 480 (6th Cir. 1988). Therefore, the court must reject Anglian's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration of Anglian's mental status. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of January, 2011.

**Signed By:**
**<u>G. Wix Unthank</u>**
**United States Senior Judge**